HENRY S. ROACH *against* ALBERT G. SCOGIN.

ERROR *to Hempstead Circuit Court.*

Where a demurrer to the declaration was filed, in which no special causes of demurrer were assigned, it is to be considered in this court as a general demurrer; and the only question is whether the plaintiff has stated and set forth a sufficient cause of action, to legally entitle him to a recovery.

In such case, where the declaration contains two counts, each on a promissory note executed Feb. 1, 1839, by which the defendant acknowledged himself to owe and be indebted to the plaintiff in the sum of $338 84 cts., in good cash notes, and alleging that the same remain due and wholly unpaid, it is sufficient: and it was error to sustain a demurrer to it.

This was an action of assumpsit, brought in the Court below, by *Roach* against *Scogin.* The declaration contained three counts. The first stated that Scogin, on the first day of February, 1839, made his promissory note, and then thereby acknowledged himself to owe Roach $338 84 cts., in good cash notes, and delivered the note to Roach, whereby he became liable to pay him the sum of money in the note specified, according to the tenor and effect of the note, and promised to do so. The second count was to the same effect. The third count was on an account stated, and a promise to pay the same sum in good cash notes: and the general breach is that the defendant had failed to pay the several sums of money in good cash notes, or otherwise.

To this declaration the defendant filed his general demurrer, not assigning any causes of demurrer, in short on the record, in which the plaintiff joined, and the demurrer being sustained, Roach sued his writ of error.

TRIMBLE, for plaintiff in error:

From the declaration and the agreement of the attorneys who were engaged in the case, it seems that the objection to the declaration was that there was no special demand and refusal laid in the declaration. The declaration contains the usual general request, but no

special demand, with time and place. On the part of the defendants it is contended that the declaration does not contain a sufficient cause of action. The writing on which the declaration is founded is not part of the record, and the whole dispute is referred to the declaration. The plaintiff relies on the following grounds to reverse the judgment of the court below. That the court below sustained the defendant's demurrer to the plaintiff's declaration, and gave judgment on demurrer for the defendant. The plaintiff insists that a special demand was not necessary, and if there be one good count in the declaration, as the demurrer was general, and to the whole of the declaration, that the judgment must be reversed, and for this, relies on the following authorities, 1 *Chit.* 288, *note* 1. In an action on a promissory note for a certain sum, payable in goods of one description or other, at the election of the promisee, within eight days after date, it was held unnecessary for the plaintiff to aver an election or notice to the defendant who became liable immediately on the expiration of eight days. Where the payment or duty to be performed is to be on request, the request is parcel and part of the contract, a special request is necessary, 1 *Saund.* 33 *b.*; *Harden* 87, 88. Where the day of payment is fixed by the contract, the law fixes the place, and it is incumbent on the defendant, by the plea, to show that he was ready at the time and place. On a contract acknowledging a debt due without postponing the time of payment it must be known and judicially noticed by the court, that the debt was payable and demandable immediately and without delay, 1 *Bibb* 164, *Payne vs. Mattox;* 1 *J. J. Marshal* 202, 3, *Bain vs. Wilson;* 3 *J. J. Marshal* 7, *Dana vs. Barrett;* 6 *Com. Digest* 85; *Pleader* 670; 1 *Bibb* 461, 2, *Clay vs. Houston;* also; *Griggs vs. Bondurant,* 3 *Monroe* 178; this case is decisive of the question, and is parallel and almost identical with the case before the court.

DICKINSON, *Judge,* delivered the opinion of the court:

The only question presented for the consideration of this court is as to the correctness of the decision of the court below in sustaining the demurrer.

The defendant in this instance has wholly disregarded the 60th

17

section of the *Rev. Ark. Stat. p.* 627, under the head of Practice at Law, which requires that when any demurrer shall be filed in any action, and issue joined thereon, the court shall proceed and give judgment according as the very right of the cause and matter in law shall appear, without regarding any defect or other imperfection in the process or pleadings, so that sufficient appear in the pleadings to enable the court to give judgment according to the very right of the cause, unless such defect or imperfection be specially expressed in the demurrer; therefore, upon the principles decided at the present term of this court, in the case of *Davies vs. Gibson,* we must consider it as a general demurrer, and the only question presented for our decision is, whether the plaintiff has stated and set forth a sufficient cause of action to be legally entitled to a recovery. The declaration contains two counts, and each one is founded on a promissory note executed on the first day of February, 1839, to the plaintiff, by which the defendant acknowledges himself to owe said plaintiff the sum of three hundred and thirty dollars and eighty-four cents in good cash notes, and alleging that the same remain due and wholly unpaid by the defendant. These facts are sufficient in law to entitle the plaintiff to a recovery and are pleaded in the declaration with sufficient certainty; while the defendant has omitted to state in his demurrer in what respect the declaration is defective or imperfect, and unless such defect or imperfection is so stated and set forth, this court is not authorized to regard it.

Wherefore, the opinion of this court is, that the judgment of the court below in sustaining the demurrer to the plaintiff's declaration is erroneous, and that the same ought to be reversed with costs, and this case be remanded to the Hempstead Circuit Court for further proceedings to be had therein, not inconsistent with this opinion.